FILED
MAY 22 2017
MICHAEL GANS
CLERK OF COURT

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

DAVID A. STEBBINS                                                                                             PLAINTIFF

VS.                                             CASE NO. 17-1920

STATE OF ARKANSAS AND
BOONE COUNTY CIRCUIT CLERK                                      DEFENDANT

## MOTION AND INCORPORATED BRIEF IN SUPPORT THEREOF FOR APPOINTMENT OF COUNSEL

Comes now, *pro se* Plaintiff David A. Stebbins, who hereby submits the following renewed motion for appointment of counsel in the above-styled action.

1.     A motion was filed earlier in this case. While it was denied, the denial was merely without prejudice.

2.     This court has the authority to appoint counsel in cases where the Plaintiff is proceeding *in forma pauperis*. See 28 U.S.C. § 1915(e)(1). This c that these motions should routinely be granted in civil rights cases, as those cases tend to be inherently complex in the factual and legal issues they raise. See *Peterson v. Nadler*, 452 F. 2d 754, 757 (8th Cir. 1971). Discrimination claims have also been held to meet this standard. See *Slaughter v. City of Maplewood*, 731 F. 2d 587, 589 (8th Cir. 1984).

3.     *Slaughter* has also held that the three major factors to consider are (1) the plaintiff's financial resources, (2) the plaintiff's efforts to secure counsel, and (3) the merits of the claim. See *id* at 590.

4.     Plaintiff is, unquestionably, indigent. See his Application for Leave to Proceed In Forma Pauperis.

5.     This leaves us with one question: Can I represent myself effectively? The answer to that question appears to be "no." I have, indeed, filed several *pro se* lawsuits in my lifetime, but I

have not been successful with any of them. This would either suggest that the judiciary was throwing my cases out for no reason, or I do not know how to represent myself, even if I may understand the basics.

6. This appeal, as well as the subsequent appeal that is soon to follow (see "Motion for Stay of Proceedings" for details) will present various significant and complex legal questions, including but not limited to the following:

- When a District Judge grants an application for leave to proceed in forma pauperis without simultaneously (or soon thereafter) dismissing the complaint pursuant to 28 USC § 1915(e)(2), does that mean the district judge has "necessarily determined" that he believes the complaint is nonfrivolous and states a claim upon which relief can be granted, for purposes of creating *res judicata*? Remember that res judicata bars litigation of all claims that "could have been" litigated, in addition to those that "were actually" litigated.

- Is an appeal necessarily taken in bad faith solely on the grounds that the district judge had found the complaint to be subject to dismissal?

- Would a district judge's impartiality be reasonably questioned when he initially starts the day by issuing rulings that suggest he intends to allow the plaintiff his day in court, only to throw the case out sua sponte mere hours after receiving a complaint about his lack of expediency?

7. Because of the significance of these legal questions, their merit or lack thereof is not a clear cut answer. Therefore, these are not questions we can immediately have the answer to without some briefing. Therefore, the question of whether the appeal has merit is one we must decide in my favor, since we don't know the answer yet.

8. Therefore, because I have been declared unable to efficiently represent myself, my claim

has merit, and I am clearly indigent, I ask that this Court appoint counsel for me in the above-styled action.

So requested on this, the 22nd day of May, 2017.

*David A. Stebbins* (signature)
David A. Stebbins
123 W. Ridge St., APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com